RECEIVED
2/3/09
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| CLARENCE RUDY BROWN<br>FED. REG. #04173-112 | CIVIL ACTION NO. 08-1407<br>SECTION P |
| VS. | JUDGE MINALDI |
| JOSEPH P. YOUNG, WARDEN, ET AL. | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Clarence Rudy Brown filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on September 23, 2008. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the Federal Corrections Institute, Oakdale, (FCIO) Louisiana where he is serving a 252 month sentence imposed following his 1995 drug convictions in the United States District Court for the Southern District of Georgia. Through this proceeding he seeks an order directing the respondents to "cease any and all efforts and threats to force Brown to sign an illegal consent form to pay a fine under the Inmate Financial Responsibility Program . . . [a]nd order [the respondents] to cease from withdrawing funds for monthly fine payments from Brown's account." Doc. 1, at 1.[1] As is shown below, petitioner claims that he is entitled to *habeas corpus* relief because the sentencing court improperly delegated authority to the BOP with regard to the scheduling and collection of the court-ordered fine.

This matter has been referred to the undersigned for review, report, and recommendation in

---

[1] Elsewhere he prays for orders (1) rescinding the contract he signed establishing a monthly payment in the amount of $72.84; (2) allowing the option to make payments from an outside source; (3) directing the respondents to cease threatening petitioner with "non-consideration or placement in halfway house"; (4) setting fine payments at $25/quarter for the remainder of the time that petitioner is incarcerated; and, (5) making respondents liable for civil damages as debt collectors. Doc. 1, at 7-8.

accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DISMISSED WITH PREJUDICE** because this court lacks jurisdiction over this collateral attack on the legality of petitioner's sentence.

### *Background*

Petitioner was convicted of a drug-related felony in 1995 in the United States District Court for the Southern District of Georgia. He was sentenced to serve 252 months in the custody of the BOP and he was also ordered to pay a $250,000 fine. On March 28, 2005 he filed a motion asking the sentencing court to waive the remainder of his fine or set a permanent payment schedule. On April 27, 2005, the Court established a payment schedule directing petitioner, for as long as he remained incarcerated, to " make payments of either quarterly installments of a minimum of $20 if working non-UNICOR or a minimum of fifty percent of his monthly earnings if working UNICOR."[2] The Court also ordered him, upon his release, to "make minimum monthly payments of $500 over a period of sixty months." The order concluded, "This order shall not restrict the Bureau of Prisons ability to establish a higher monthly payment schedule through the Inmate Financial Responsibility Program if the appropriate financial resources are determined to be available." Doc. 1, at 11.

Petitioner appealed to the United States Eleventh Circuit Court of Appeal. On June 15, 2006 that Court affirmed the judgment of the District Court finding no abuse of discretion. The Court also observed, "In his motion, appellant contended that the court, in its final judgment, lacked authority to delegate to the BOP the setting of a payment schedule. When he dismissed his appeal of that

---

[2] UNICOR is a government corporation that employs inmates confined within the Federal Bureau of Prisons.

judgment, appellant forfeited the right to challenge such delegation, and we therefore do not consider his collateral attack on the delegation here." *United States v. Clarence Rudy Brown*, 194 Fed. Appx. 587, 588 n.1 (11th Cir. 2006).

Thereafter, petitioner signed a contract "establishing a monthly fine payment of $72.84." Doc. 1, at 7. According to petitioner, he signed the contract under duress – the respondents threatened to deny him the opportunity to participate in a half-way house program should he refuse to execute the contract.

### *Claims for Relief*

Petitioner frames the issue for review as follows: Whether 18 U.S.C. § 3572 authorizes the Court to delegate authority to the BOP as to the scheduling and collection of petitioner's fine and, to the extent that it does, whether the statute unconstitutionally authorizes the usurpation of a judicial function by the BOP. Doc. 1, at 4.

He then argues that the concluding provision in the April 27, 2005 judgment ("This order shall not restrict the Bureau of Prisons ability to establish a higher monthly payment schedule through the Inmate Financial Responsibility Program if the appropriate financial resources are determined to be available.") exceeded the court's statutory authority as provided by 18 U.S.C. § 3572(d)(2) which provides in part, "the length of time over which scheduled payments shall be made shall be set by the court . . . ." He also argues that "the district court was not permitted under Statute to delegate scheduling of partial payments to the BOP." Doc. 1, at 5-6.

Finally, he argues that the respondents are in violation of federal debt collection law [15 U.S.C. §1692, *et seq.*] and, that "BOP debt collectors do not have the authority to set the amount and timing of installment payments for fines . . . imposed as part of a criminal sentence by the district

3

court, only the Judge has that authority." Doc. 1, at 7.

## *Law and Analysis*

### *1. Section 2241 or 2255*

The initial inquiry is whether petitioner's claims may properly be raised in a § 2241 *habeas corpus* petition. Section 2241 is generally used to challenge the <u>manner</u> in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, 28 U.S.C. § 2255, provides the process which allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. *Id.* The *Warren* court noted:"To the extent that [petitioner] is challenging the factual correctness of the sentence enhancement, he has chosen the wrong mechanism for collateral attack. Section 2255 provides the primary means of collateral attack of a federal sentence. Section 2241, on the other hand, is the proper *habeas* remedy for challenging the execution of a sentence." *Id.* (citing *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990)).

Here, petitioner seeks to collaterally attack the April 27, 2005 amending sentence order of the United States District Court for the Southern District of Georgia. Read closely and liberally, petitioner does not attack the <u>manner</u> in which his sentence is being executed; to the contrary, he explicitly attacks the legality of the April 27, 2005 order by framing the issue for review as follows: "whether . . . 18 U.S.C. § 3572 grants . . . the court authorization to delegate authority to the BOP as to the scheduling and collection of [his] fine and . . . whether 18 U.S.C. § 3572 . . . authorizes the BOP to usurp the scheduling and collection of [his] fine . . . ." Doc. 1, at 4. More specifically, he maintains that the concluding provision in the April 27, 2005 judgment ("This order shall not restrict the Bureau of Prisons ability to establish a higher monthly payment schedule through the Inmate Financial Responsibility Program if the appropriate financial resources are determined to be

4

available.") exceeded the court's statutory authority as provided by 18 U.S.C. § 3572(d)(2). He also argues that "the district court was not permitted under Statute to delegate scheduling of partial payments to the BOP . . . ." Doc. 1, at 5-6.[3]

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *Id.*; 28 U.S.C. § 2255.

A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner."). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or

---

[3]*Compare Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) ("Because Robinson's second claim-that the sentence imposed was an unconstitutional delegation of power-attacks the validity of the sentence, we agree with the district court that this claim must be brought through a § 2255 claim in Robinson's sentencing district.") *with United States v. Wilbert*, 54 Fed. Appx. 404, 404 (5th Cir. 2002) ("Wilbert's motion challenged the manner in which the BOP was administering the Inmate Financial Responsibility Program (IFRP) in his case and asked the district court to set up a payment plan. His motion did not explicitly attack any action by the sentencing court. Wilbert's motion is in the nature of a 28 U.S.C. § 2241 petition, and it should have been filed in the district of his incarceration.").

ineffective. *Id.* (citing *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)).[4]

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause.

If the § 2255 savings clause is inapplicable, a § "2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a [§] 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). However, pursuant to *Castro v. United States*, 540 U.S. 375, 383, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003), before the court may construe a petition filed under § 2241 as a § 2255 motion, it must first advise the petitioner of the restrictions on second or successive § 2255 motions and give the petitioner an opportunity to either consent to the reclassification or to withdraw his pleading. Such warnings apply where the petitioner has not previously sought relief under section 2255, as in the instant case. *Id.* at 384.

The court finds that in the instant case it would be more prudent to dismiss the petition than to reclassify it. A § 2255 motion must be filed in the court imposing the challenged conviction or sentence. 28 U.S.C. § 2255. Because petitioner is challenging his conviction in the Middle District of Florida, this Court has no jurisdiction to entertain the merits of his claims. Further, the Fifth

---

[4] Indeed, petitioner was afforded the opportunity to litigate the legality of the court of conviction's delegation of authority; he raised the issue in the United States District Court for the Southern District of Georgia, but, for reasons unknown, he dismissed his appeal of that issue. Consequently, the Eleventh Circuit Court of Appeal refused to address the issue. As noted above, the Eleventh Circuit noted, "In his motion, appellant contended that the court, in its final judgment, lacked authority to delegate to the BOP the setting of a payment schedule. When he dismissed his appeal of that judgment, appellant forfeited the right to challenge such delegation, and we therefore do not consider his collateral attack on the delegation here." *United States v. Clarence Rudy Brown*, 194 Fed. Appx. 587, 588 n.1 (11th Cir. 2006).

Circuit has specifically held that a § 2241 petition cannot be transferred by the district in which the petitioner is imprisoned to the sentencing district for consideration of the merits of a petitioner's claims. *Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001). Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction to the extent that petitioner attacks the legality of the April 2005 sentencing judgment.

## *2. Remaining Claims and Allegations*

Petitioner raises an additional claim asserting that the Unit Team responsible for setting up his payment schedule in accordance with the court-order has violated the provisions of 15 U.S.C. § 1692 *et seq.*, a federal statute which prohibits abusive, deceptive, and unfair debt collection practices by debt collectors. The statute, however, specifically states that the term "debt collector," does not include "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties . . . ." 15 U.S.C. § 1692a(6)(C). To the extent that petitioner seeks to assert a claim pursuant to the statute, such claim is clearly without merit. Further, any such claim could not be asserted through a petition for writ of *habeas corpus* since such claim does not allege that petitioner's <u>custody</u> is violative of the Constitution or laws of the United States.

Accordingly,

IT IS RECOMMENDED THAT the Petition for Writ of *Habeas Corpus* be DENIED and DISMISSED WITH PREJUDICE because the Court lacks jurisdiction to consider these claims. Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed in chambers in Lake Charles, Louisiana February 2, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE